NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JORGE MUÑOZ-MUÑOZ,

Defendant - Appellant.

No. 23-4455

D.C. No.
2:21-CR-00501-DSF-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted March 27, 2025[**]
Pasadena, California

Before: TASHIMA, NGUYEN, and MENDOZA, Circuit Judges.

Jorge Muñoz-Muñoz appeals his 110-month sentence and the district court's

denial of his request for a mitigating role reduction under U.S.S.G. § 3B1.2. We

have jurisdiction under 28 U.S.C. §§ 1291 and 3742. "When reviewing sentencing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decisions, we review the district court's identification of the relevant legal standard de novo, its factual findings for clear error, and its application of the legal standard to the facts for abuse of discretion." *United States v. Dominguez-Caicedo*, 40 F.4th 938, 959–60 (9th Cir. 2022) (citations omitted).  We affirm.

1.      "To be eligible for a minor role reduction, a defendant must prove 'by a preponderance of the evidence,' . . . that he was 'substantially less culpable than the average participant in the criminal activity,' . . . ." *United States v. Chichande*, 113 F.4th 913, 920 (9th Cir. 2024) (quoting *United States v. Rosas*, 615 F.3d 1058, 1067 (9th Cir. 2010), and U.S.S.G. § 3B1.2 cmt. 3(A)).  This is a three-part test:

> First, the court must identify all of the individuals for whom there is sufficient evidence of their existence and participation in the overall scheme.[1]  Second, the court must calculate a rough average level of culpability for these individuals, taking into consideration the five factors in comment 3(C) to the Mitigating Role Guideline.  Third, the court must compare the defendant's culpability to that average.  If the defendant is substantially less culpable than that average and meets the other criteria, he should be granted a mitigating role adjustment.  If the defendant is not substantially less culpable than that average, he is not eligible for the adjustment.

*Dominguez-Caicedo*, 40 F.4th at 960 (quotation marks and citations omitted).[2]

---

[1] For step one, the district court found five other participants in Muñoz's crime. Muñoz disputed that number below but does not challenge it on appeal.

[2] U.S.S.G. § 3B1.2, comment 3(C)'s five factors are: the degree to which the defendant understood the scope and structure of the criminal activity; the degree to which the defendant participated in planning or organizing the criminal activity; the

Muñoz challenges the district court's interpretation and application of steps two and three, which he calls "arbitrary," "unsupported by the evidence," and "irrational." To aid in its decision, the district court directed the parties to calculate the "mathematical average" of the participants' participation in the crime to compare to Muñoz's participation. The government gave each participant 0, 1, or 2 points for each factor and then combined those points, resulting in an overall participation value for each participant. Then, the government averaged those values—which came to 5.83—to compare with Muñoz's 4 points. Comparing 4 points to 5.83 points, the government argued Muñoz was not "substantially less culpable than the 'average' participant." Muñoz argues that the district court "adopt[ed] the government's calculations," but on the contrary, the district court remarked." The district court remarked that its own analysis "was generally the same as that provided by the government" and found that "the rough estimate is appropriate as . . . calculated and applied by the government[.]" The record does not indicate that the district court relied wholly and singularly on the government's applied method or the values it used.

---

degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and the degree to which the defendant stood to benefit from the criminal activity.

Further, there is no error where the district court "calculate[s] a 'rough average level of culpability' for all those individuals using the five factors" then "compare[s the defendant's] culpability to that rough average[.]" *Chichande*, 113 F.4th at 922 (quoting *Dominguez-Caicedo*, 40 F.4th at 960). Five months after the district court sentenced Muñoz, we held that "[i]n analyzing whether a defendant's culpability is substantially less than the average participant's under U.S.S.G. § 3B1.2 . . . , we do not require mathematical certitude." *Id.* at 915. We held that "the degree of the factors" may be expressed with simple terms like "high, medium, or low." *Id.* at 920. All that is required is consideration of the totality of the circumstances and the facts of the case. *Id.* at 921.

That is what the district court did here. The district court explained that its job was to "compare the defendant's culpability to that of the average participant . . . , [producing] a single value that represents the midpoint of a broad sample of subjects" and that "[t]he second step is to calculate a rough average level of culpability for these individuals taking into consideration the five factors." This is an accurate account of the relevant legal test and, although the parties did some math along the way, the record indicates that the district court properly executed that legal test. We find, as found in *Chichande*, that the district court's use of math to find a rough average was not necessary but also not error. *Id.* at 915, 919.

2. Next, Muñoz challenges the district court's use of evidence in finding

4

his degree of culpability under each factor. To the extent Muñoz argues that the district court misunderstood any factor as a matter of law, we disagree. The district court recited the factors and cited evidence relevant to those factors. For example, evidence that Muñoz exerted control over the drugs to keep them dry speaks to both the "degree to which [he] exercised decision-making authority" and to "the nature and extent of [his] participation in the commission of the criminal activity, including the acts [he] performed[.]" U.S.S.G. § 3B1.2, cmt 3(C)(iii), (iv). Evidence that he spoke to and instructed passengers on the boat (which also carried the drugs) indicates that he "understood the scope and structure of the criminal activity" and that he "participated in planning or organizing." *Id.* § 3B1.2, cmt 3(C)(i), (ii). We find no legal error in the analysis.

To the extent Muñoz disagrees with the district court's factual finding, it is entitled to clear error review. *Dominguez-Caicedo*, 40 F.4th at 959–60. The district court adopted the probation officers' list of relevant participants, was aware of each individual's degree of culpability, and listed facts surrounding Muñoz's participation which indicated that his degree of culpability was about average. Muñoz simply disagrees with the probity and weight of evidence. We decline to disturb the factual finding, which was not clearly erroneous, illogical nor unsupported by facts and inferences from the record. *See Chichande*, 113 F.4th at 922.

**AFFIRMED.**